UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES WEBB, JR., | Case No. 2:12-cv-02097-MMD-VCF |
| Petitioner, | ORDER |
| v. | |
| R. BAKER, | |
| Respondents. | |

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

**I.      BACKGROUND**

Petitioner Charles Webb, Jr. challenges his 2004 Nevada state conviction, pursuant to a guilty plea, of conspiracy to commit robbery, robbery with the use of a deadly weapon, robbery with the use of a deadly weapon of a victim 60 years or older, and burglary while in possession of a firearm.

Petitioner's responses in the petition and the online docket records of the state courts reflect the following.

The judgment of conviction was filed on November 17, 2004. Petitioner did not file a direct appeal, and the time for doing so expired on December 17, 2004.

1   Nearly seven years later, on or about September 9, 2011, petitioner filed a
2 motion to withdraw plea in the state district court. The state district court denied the
3 motion. On appeal, in No. 59758, the Supreme Court of Nevada affirmed. The state
4 Supreme Court held that the equitable doctrine of laches precluded consideration of the
5 motion. The remittitur issued on October 9, 2012.

6   Petitioner asserts that he mailed the federal petition to the Clerk of this Court for
7 filing on October 19, 2012. The petition was filed on December 10, 2012.

8 **II.    DISCUSSION**

9   Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte*
10 raises the question of whether the petition is time-barred for failure to file the petition
11 within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

12   Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless
13 otherwise tolled or subject to delayed accrual, begins running after "the date on which
14 the judgment became final by the conclusion of direct review or the expiration of the
15 time for seeking such direct review." In the present case, the limitation period therefore
16 began running after the time period expired for filing a direct appeal, *i.e.*, after
17 December 17, 2004. Absent tolling or delayed accrual, the one-year limitation period
18 expired on Monday, December 19, 2005.

19   Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled
20 during the pendency of a properly filed application for state post-conviction relief or for
21 other state collateral review. However, it does not appear that petitioner's September
22 2011 motion to withdraw plea would render his federal petition timely, for two reasons.
23 First, absent other tolling or delayed accrual, the federal limitation period already had
24 expired nearly six years earlier, on December 19, 2005. Second, it would appear that a
25 collateral review proceeding barred by laches is not properly filed for purposes of
26 statutory tolling under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

27   Accordingly, absent other tolling or delayed accrual, the federal limitation period
28 expired on December 19, 2005. The federal petition in this matter was not mailed for

filing until — giving petitioner the benefit of the doubt purely *arguendo* for the present — on or about October 19, 2012, six years and ten months after the federal limitation period had expired, absent other tolling or delayed accrual. The petition thus is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks, under current law, to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all of the charges pending against him in the case prior to his plea. *See House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v.*

1  *Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).  Petitioner additionally should assume in responding to the show-cause order that he also must demonstrate that he has been pursuing his rights diligently in order to overcome the one-year limitation period based upon alleged actual innocence. *See McQuiggin v. Perkins*, 133 S.Ct. 527 (2012) (currently considering issue on *certiorari* review).

### III. CONCLUSION

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show ─ with specific, detailed and competent evidence ─ that the petition is timely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.

DATED THIS 1st day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE