1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES WEBB, JR.,

Petitioner,

v.

R. BAKER, et al.,

Respondents.

Case No. 2:12-cv-02097-MMD-VCF

ORDER

This habeas matter comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1).  This order follows up on an earlier show cause order (dkt. no. 2) and petitioner's response thereto (dkt. no. 3).

I.      BACKGROUND

Petitioner Charles Webb, Jr. challenges his 2004 Nevada state conviction, pursuant to a guilty plea, of conspiracy to commit robbery, robbery with the use of a deadly weapon, robbery with the use of a deadly weapon of a victim 60 years or older, and burglary while in possession of a firearm.

Petitioner's responses in the petition and the online docket records of the state courts reflect the following.

The judgment of conviction was filed on November 17, 2004.  Petitioner did not file a direct appeal, and the time for doing so expired on December 17, 2004.

Nearly seven years later, on or about September 9, 2011, petitioner filed a motion to withdraw plea in the state district court.  The state district court denied the motion.  On appeal, in No. 59758, the Supreme Court of Nevada affirmed.  The state supreme court held that the equitable doctrine of laches precluded consideration of the motion.  The remittitur issued on October 9, 2012.

1    Petitioner asserts that he mailed the federal petition to the Clerk of this Court for
2    filing on October 19, 2012.  The petition was filed on December 10, 2012.

3    **II.    DISCUSSION**

4    Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte*
5    has raised the question of whether the petition is time-barred for failure to file the
6    petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

7    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless
8    otherwise tolled or subject to delayed accrual, begins running after "the date on which
9    the judgment became final by the conclusion of direct review or the expiration of the
10   time for seeking such direct review."  In the present case, the limitation period therefore
11   began running after the time period expired for filing a direct appeal, *i.e.*, after
12   December 17, 2004.  Absent tolling or delayed accrual, the one-year limitation period
13   expired on Monday, December 19, 2005.

14   Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled
15   during the pendency of a properly filed application for state post-conviction relief or for
16   other state collateral review.  However, it does not appear that petitioner's September
17   2011 motion to withdraw plea would render his federal petition timely, for two reasons.
18   First, absent other tolling or delayed accrual, the federal limitation period already had
19   expired nearly six years earlier, on December 19, 2005.  Second, it would appear that a
20   collateral review proceeding barred by laches is not properly filed for purposes of
21   statutory tolling under § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

22   Accordingly, absent other tolling or delayed accrual, the federal limitation period
23   expired on December 19, 2005. The federal petition in this matter was not mailed for
24   filing until — giving petitioner the benefit of the doubt purely *arguendo* — on or about
25   October 19, 2012, six years and ten months after the federal limitation period had
26   expired, absent other tolling or delayed accrual. The petition thus is untimely on its face.

27   In the show-cause response, petitioner asserts, *inter allia*, that: (1) defense
28   counsel did not communicate effectively with him prior to his alleged October 2003

2

1   sentencing and did not respond to any of petitioner's alleged phone calls, letters or
2   messages after sentencing; (2) petitioner therefore was unaware that he was serving
3   four consecutive sentences until his first parole hearing in 2007 where he was informed
4   that he had completed one sentence and would start serving the next; (3) petitioner,
5   having thus found out that he had been "betrayed," tried contacting counsel but the
6   phone number was out of service; (4) in or around January 2008, his mother "stumbled"
7   onto counsel's law office but never was able to get through to talk to counsel in person
8   or by phone; (5) petitioner thereafter followed up by calling counsel "regularly" from
9   prison but could only get through to the secretary, who constantly apologized for
10  counsel's unavailability; (6) in August 2010, counsel withdrew as petitioner's counsel,
11  apologizing for how everything had gone in the case and for not returning petitioner's
12  calls, while "sharing" that petitioner had been one of his very first clients as a new
13  defense lawyer.

14        At the outset, petitioner failed to present any competent evidence providing a
15  basis for overcoming the untimeliness of the federal petition.  The show-cause order
16  clearly stated:

17            . . . .  If petitioner responds [to the show-cause order] but fails to
              show – with specific, detailed and competent evidence – that the
18            petition is timely, the action will be dismissed with prejudice.

19            IT IS FURTHER ORDERED that all assertions of fact made by
              petitioner in response to this show-cause order must be detailed,
20            must be specific as to time and place, and must be supported by
              competent evidence. The Court will not consider any assertions of
21            fact that are not specific as to time and place, that are not made
              pursuant to a declaration under penalty of perjury based upon
22            personal knowledge, and/or that are not supported by competent
              evidence filed by petitioner in the federal record. Petitioner thus
23            must attach copies of all materials upon which he bases his
              argument that the petition should not be dismissed as untimely.
24            Unsupported assertions of fact will be disregarded.

25  Dkt. no. 2, at 4.  None of the factual assertions in the show-cause response are made
26  pursuant to a declaration under penalty of perjury or are otherwise supported by
27  competent evidence in the federal record.  The assertions further are not specific as to
28  time and place regarding the alleged attempted communications to counsel.

1  Petitioner's unsupported show-cause response therefore does not provide a basis for
2  avoiding the dismissal of the petition as untimely.

3      Petitioner's unsupported factual assertions, even if supported by competent
4  evidence, in any event, would not provide a basis for avoiding dismissal of the untimely
5  petition.

6      Equitable tolling is appropriate only if the petitioner can show that: (1) he has
7  been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his
8  way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).
9  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107
10  (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest
11  the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)
12  (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner
13  ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065.
14  He, accordingly, must demonstrate a causal relationship between the extraordinary
15  circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799
16  (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th
17  Cir. 2007).

18      Any alleged ineffective assistance of counsel during the original criminal
19  proceedings did not stand in the way of and prevent the timely filing of a federal petition.
20  Petitioner must show not that his counsel allegedly was ineffective during the original
21  criminal proceedings but instead that some extraordinary circumstance stood in the way
22  of filing a federal habeas petition.  Such alleged ineffective assistance would not render
23  the petition timely even if the Court were to assume, *arguendo*, that petitioner could not
24  discover the factual predicate of his claims due to the prior alleged ineffective
25  assistance until a 2007 parole hearing.  *Cf.* 28 U.S.C. § 2244(d)(1)(D) (delayed accrual
26  based upon discovery of factual predicate for claim).  Petitioner did not seek state relief
27  for another approximately four years and did not seek federal relief for approximately
28  five years from that vaguely alleged discovery date.  The alleged failure of petitioner's

former counsel to respond to his calls did not constitute an extraordinary circumstance standing in the way of and preventing the timely filing of a federal petition for years after petitioner allegedly learned in 2007 that he had been "betrayed."  Nor did petitioner pursue his rights diligently by allegedly attempting to call counsel for several years running thereafter without seeking state or federal post-conviction review.  In other words, petitioner readily could have filed the state proceeding that he filed in 2011 and the federal proceeding that he filed in 2012 instead after the 2007 parole hearing if he had been pursuing his rights diligently after learning of his alleged betrayal by counsel.[1]

Nor did counsel's alleged withdrawal in August 2010 provide a basis for equitable tolling.  A diligent petitioner in the circumstances presented would have been seeking judicial relief years prior to that point, and nothing stood in the way of petitioner doing so.  Moreover, petitioner did not seek state judicial relief until September 2011, more than a year after the alleged withdrawal by counsel; and he did not seek federal relief for another year thereafter.[2]

Petitioner accordingly has not presented a viable basis for equitable tolling that would render the federal petition timely.  Petitioner otherwise does not make any claim of actual factual innocence of the underlying offenses.  *See* dkt. no. 3, at 1.  The petition therefore will be dismissed with prejudice as untimely.

///

---

[1] Petitioner's suggestion – unsupported by competent evidence – that he could not discover counsel's contact information after the 2007 parole hearing until his mother physically "stumbled" upon counsel's office in January 2008 strains credulity.  Lawyers do not practice in secret but instead publicly disseminate their contact information so that they can get new cases. In any event, once petitioner's mother allegedly "stumbled" upon counsel's office in January 2008, petitioner was not entitled to equitable tolling for years thereafter while he allegedly unsuccessfully attempted to speak with counsel about the alleged "betrayal" by counsel that petitioner learned of in 2007.

[2] The Court notes in passing that the online docket record for the state district court does not corroborate petitioner's assertion – unsupported by competent evidence – that counsel formally withdrew in August 2010.  Moreover, given that petitioner was sentenced in 2004 rather than 2003 and further given that the criminal defense practitioner was admitted to the Nevada bar in 2000, the unsupported assertion that Webb was one of counsel's first criminal defense clients is of dubious validity.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that the petition shall be DISMISSED with prejudice as time-barred.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.  Jurists of reason would not find debatable or wrong the district court's dismissal of the petition as untimely, for the reasons discussed herein.  At the outset, petitioner did not present any competent evidence in response to the show-cause order, after the order expressly informed petitioner that unsupported factual assertions would be disregarded. Moreover, petitioner allowed seven years to pass without seeking relief in any court, including over four years after allegedly learning in 2007 that he had been "betrayed" by defense counsel in the original criminal proceeding and over a year after his counsel's purported withdrawal.  No extraordinary circumstance stood in the way of and prevented his seeking judicial relief for several years running thereafter, and petitioner did not exhibit diligence in pursuing his rights when he failed to seek state or federal judicial relief as the years passed.  His former defense counsel's alleged failure to return calls for years after petitioner allegedly learned in 2007 that he had been betrayed by counsel provided no justification for petitioner then doing nothing.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall provide a copy of this order, the judgment, and the petition to respondents by effecting informal electronic service upon Catherine Cortez Masto as per the Clerk's current practice.  No response is required from respondents, other than to respond to any orders of a reviewing court.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED THIS 3rd day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE